UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KENNEDY PETTAWAY,**

    **Plaintiff,**

**CASE NO.:**

vs.

**ALLEY APPLE MASONRY INC, a Florida Profit Corporation and ROLAND A LANDINGIN, Individually,**

    **Defendants.**                    /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, KENNEDY PETTAWAY, ("Plaintiff"), was an employee of Defendants, ALLEY APPLE MASONRY INC, ("MASONRY") and ROLAND A LANDINGIN, ("LANDINGIN") or (collectively as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and

1

costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Santa Rosa County, Florida.

4. Defendant, MASONRY, conducts business in, among others, Santa Rosa County, Florida, therefore venue is proper in the Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant, MASONRY, a Florida Profit Corporation, is in the business of operating masonry contractors services with offices located at 5340 Crystal Creek Drive, Pace, Florida 32571.

6. At all times relevant to this action, LANDINGIN was an individual resident of the State of Florida, who owned and/or operated LANDINGIN, and who regularly exercised the authority to: (a) hire and fire employees of LANDINGIN; (b) determine the work and pay schedules for the employees of LANDINGIN; (c) control the finances and operations of LANDINGIN; and (d) was responsible for the overall business operations of LANDINGIN.

7. The Plaintiff in this action was employed by Defendants as an hourly paid masonry from on or around March 2003 to February 2019 earning up to

$13.00 per hour for all hours up to and including forty (40) in each workweek, but who did not receive pay at time and one-half times his regular rate of pay for his hours worked in excess of forty (40) hours per week during one or more workweeks.

## COVERAGE

8. At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times during the last three years, Defendants were an employer as defined by 29 U.S.C. § 203(d).

10. At all material times, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. tools, machinery, bricks and/or concrete).

12. Therefore, Defendants is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

13. In addition, during Plaintiff's employment, Defendant, MASONRY, and Defendant, LANDINGIN employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including, but not limited to, building materials, demolition supplies, power tools, masonry tools, bricks, mortar and other concrete/construction supplies which were used to run the business.

## GENERAL ALLEGATIONS

14. Defendant, MASONRY, is a company classified as a masonry company.

15. Defendants were "employers" of Plaintiff within the meaning of the FLSA.

16. Plaintiff was an employee of Defendants within the meaning of the FLSA.

17. Plaintiff performed masonry/laborer duties for Defendants.

18. Plaintiff worked in this capacity from approximately March 2003 through February 2019.

19. Plaintiff was paid an hourly rate of up to $13.00 per hour in exchange for work performed.

20. From on or around March 2003, Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

21. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

22. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

23. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

24. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

25. Defendants failed to maintain proper time records as mandated by law.

26. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

29. From on or about September 20, 2013 during his employment with Defendants, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

30. Defendants had knowledge of the overtime hours worked by Plaintiff and knowledge that Plaintiff was supposed to be paid time and one half for all hours worked over forty (40) within a workweek because Plaintiff complained, on several different occasions, regarding not being paid time and one half his wages, but Defendants ignored his complaints.

31. Defendants were aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

32. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour

worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: September 17, 2019.

                                        Respectfully submitted by,

                                        **/s/ Gregory R. Schmitz**
                                        GREGORY R. SCHMITZ, ESQ.
                                        Florida Bar No.:  0094694
                                        20 North Orange Avenue, 15th Floor
                                        Orlando, Florida 32801
                                        Telephone:  (407) 204-2170
                                        Facsimile:   (407) 245-3401
                                        E-mail: gschmitz@forthepeople.com
                                                    mbarreiro@forthepeople.com
                                        ***Attorney for Plaintiff***